UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15cv572-FDW

| ROGER D. BEST, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| FRANK L. PERRY,[1] | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Roger D. Best's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court is Petitioner's motion to proceed in forma pauperis. (Doc. No. 2.)

According to Petitioner, he pled guilty on May 6, 2010 in Anson County Superior Court to attempted murder and attempted rape. (Pet. 1, Doc. No. 1.) He did not file a direct appeal or seek post-conviction relief in the state courts. (Pet., supra.)

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires a petitioner to "state specific, particularized facts which entitle him . . . to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990). Petitioner raises one ground for relief titled "Cruel and Unusual Punishment," but supplies no supporting facts.

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a Petition for Writ of Habeas Corpus name the person who has immediate custody of the petitioner as the respondent in the action. Id., 28 U.S.C. folio § 2254. Consistent with Rule 2(a), Frank L. Perry, Secretary of the Department of Public Safety, has been substituted for the Anson County Court as Respondent in this action.

1

Additionally, under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A).[2] To meet the exhaustion requirement, a petitioner must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Petitioner concedes that he did not seek direct review of his conviction(s) and sentence by the North Carolina appellate courts. (Pet., supra, at 2.) He also has not sought post-conviction relief by way of a Motion for Appropriate Relief in the Cleveland County Superior Court. (Pet., supra, at 3.) Consequently, Petitioner has failed to fully exhaust his state remedies. The Court will dismiss the Petition without prejudice to re-filing upon proper exhaustion.

Finally, Petitioner is seeking permission to proceed with his Petition in forma pauperis. Federal law requires that a prisoner seeking habeas review of his state conviction and/or sentence in federal district court pay a filing fee in the amount of $5.00 or be granted leave by the court to proceed without prepayment of fees and costs. The prisoner must provide the court with an affidavit of indigency, and "a certified copy of [his prison] trust fund account statement (or the institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Petitioner's affidavit of indigency indicates that he is not employed through the prison. (Doc. No. 2.) Petitioner has not provided a copy of his inmate trust fund account statement.

---

[2] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(A) & (B).

Nevertheless, the Court will grant the motion. According to Petitioner, he was fourteen years-old when he committed these crimes, and it is apparent from his filings that his education is limited. It is not likely that he would have sufficient funds from which to pay the $5.00 filing fee.

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED without prejudice**;

2) Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **GRANTED**; and

3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 25, 2016

Frank D. Whitney
Chief United States District Judge